# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WALTER PARKER, | CV F   04-5719 AWI SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION TO DISMISS ACTION (Doc. 1) |
| RAWERS, et. al., | |
| Defendants. | |

Walter Parker ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

On November 14, 2005, the Court issued an Order dismissing the case with leave to amend. Plaintiff was afforded thirty days in which to file an Amended Complaint curing the deficiencies outlined by the Court. However, over thirty days passed and Plaintiff did not file an

1  Amended Complaint or make any other contact with the Court.[1]

2  Local Rule 11-110 provides that a "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order).

In determining whether to dismiss an action for lack of prosecution, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and, (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since May 17, 2004. The Court cannot hold this case in abeyance indefinitely awaiting compliance by Plaintiff.

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.

---

[1] The Court docket indicates that mail served on Plaintiff was returned to the Court by the U.S. Postal Service undeliverable.

1    Finally, the court's warning to a party that failure to obey the court's order will result in
2 dismissal satisfies the "considerations of the alternatives" requirement. <u>Ferdik v. Bonzelet</u>, 963
3 F.2d at 1262; <u>Malone</u>, 833 at 132-133; <u>Henderson</u>, 779 F.2d 1424.  The Court's order dated
4 November 14, 2005, expressly stated that Plaintiff's failure to file an Opposition or Non-
5 Opposition would result in a recommendation that the action be dismissed for Plaintiff's failure
6 to obey a court order and failure to prosecute.

<u>RECOMMENDATION</u>

8    Accordingly, the Court RECOMMENDS that the instant action filed pursuant to 42
9 U.S.C. § 1983 be DISMISSED and that the action CLOSED for Plaintiff's failure to comply with
10 a Court Order and failure to state a claim upon which relief can be granted.

11    This Report and Recommendation is submitted to the United States District Court Judge
12 assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of
13 the Local Rules of Practice for the United States District Court, Eastern District of California.
14 Within fifteen (15) days after being served with a copy of this Report and Recommendation, any
15 party may file written objections with the Court and serve a copy on all parties.  Such a document
16 should be captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies
17 to the Objections shall be served and filed within five (5) <u>court</u> days (plus three days if served by
18 mail) after service of the Objections.  The Court will then review the Magistrate Judge's ruling
19 pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections
20 within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez</u>
21 <u>v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

22 IT IS SO ORDERED.

23 **Dated:   January 10, 2006**           **/s/ Sandra M. Snyder**
   icido3                                 UNITED STATES MAGISTRATE JUDGE